IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS AMBRIZ, | ) | No. CR-F-00-5085 REC |
| | ) | (No. CV-F-08-142 OWW) |
| | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| Petitioner, | ) | MOTION TO VACATE, SET ASIDE |
| | ) | OR CORRECT SENTENCE PURSUANT |
| vs. | ) | TO 28 U.S.C. § 2255 AND |
| | ) | DIRECTING CLERK OF COURT TO |
| | ) | ENTER JUDGMENT FOR |
| UNITED STATES OF AMERICA, | ) | RESPONDENT |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On January 8, 2008, Petitioner Jesus Ambriz filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

A.  BACKGROUND.

Petitioner pleaded guilty pursuant to a written Plea Agreement to one count of conspiracy to possess pseudoephedrine, a listed chemical, knowing or having reasonable cause to believe it would be used to manufacture methamphetamine, and one count of possession of methamphetamine with the intent to distribute and

1

aiding and abetting.  The Plea Agreement provided:

> The defendant agrees to waive his right to
> appeal or collaterally attack any issue in
> this matter, including substantive issues
> relating to the charges, rulings by the court
> regarding the admissibility of evidence, his
> decision to enter into this agreement, and
> the decision by the district court to accept
> his guilty plea.  The defendant reserves his
> right to appeal or collaterally attack any
> sentence imposed by the court.

Petitioner was sentenced on April 29, 2002 to 188 months incarceration.  Petitioner did not file a Notice of Appeal.

On May 13, 2003, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 with set forth no grounds for relief  (Doc. 115).  Petitioner coupled this motion with a motion for extension of time of 90 days to file a memorandum in support of the Section 2255 motion.  (Doc. 116).  Petitioner asserted that he forwarded "a § 2255 Motion that does not contain the issues he would like to raise in this proceeding" and that [t]he Motion was filed in this fashion because Ambriz believes that the deadline for him to seek post-conviction relief is May 9, 2003."  By Order filed on May 14, 2003, Petitioner's motion for extension of time was granted:

> However, because of the one-year limitation
> period applicable to Section 2255 motions,
> because petitioner's motion sets forth no
> grounds for relief, and because petitioner
> has had one year since his conviction became
> final to prepare this memorandum, the court
> will not grant the requested 90 day extension
> but, rather grants only a 30 day extension.

(Doc. 117).  Petitioner did not file the memorandum in support of the Section 2255 motion.  By Order filed on July 9, 2003,

Petitioner's Section 2255 motion was denied "because no grounds for relief were set forth in the motion, there is nothing before the court upon which it can rule." (Doc. 118). Judgment for Respondent was entered on July 10, 2003. (Doc. 119). No appeal from the denial of the Section 2255 motion was filed.

On August 21, 2007, Petitioner filed with the Ninth Circuit an "Application for Certificate of Appealability", which was forwarded to this Court on August 21, 2007. In this "Application for Certificate of Appealability," Petitioner represents that he "neither filed the direct appeal nor a § 2255 motion to vacate" but appears to seek leave to file a second or successive Section 2255 motion based on *Lopez v. Gonzalez*, 127 S.Ct. 625 (2006) The Court takes judicial notice of the Ninth Circuit's docket in Case No. 07-74066. On January 15, 2008, the following Order was filed by the Ninth Circuit:

> Order (MOATT) filed, Petitioner has filed an 'Application for Certificate of Appealability.' This application is denied as untimely to the extent that this application seeks authorization to appeal the denial of petitioner's prior 28 U.S.C. § 2255 motion (United States District Court for the Eastern District of California case No. CV-F-03-5608), denied July 9, 2003. To the extent that this application seeks relief based on new grounds, petitioner's application is denied as unnecessary. This denial is without prejudice to petitioner filing a 28 U.S.C. 2255 motion in the district court.

B. <u>GROUNDS FOR RELIEF</u>.

The instant Section 2255 motion asserts three grounds for relief:

3

**Ground One**: The District Court improperly increased Petitioner's criminal history category based on prior misdemeanor drug convictions.  Ground One is based on the Supreme Court's holding in *Lopez v. Gonzalez*, *supra,* which Petitioner asserts is retroactive;

**Ground Two**: Petitioner was denied the effective assistance of counsel because counsel failed to file an appeal from Petitioner's sentence after Petitioner requested he do so.

**Ground Three**: The District Court violated Petitioner's Sixth Amendment right to have the jury, rather than the judge, determine sentencing factors, relying on *United States v. Booker*, 543 U.S. 220 (2005).

In support of the instant Section 2255 Motion, Petitioner avers:

> (2) In each of my prior California state convictions listed in my presentence report at Nos. 44 through 50, I plead guilty at my change of plea hearings to mere possession of an undetermined amount of a controlled substance.  In addition, each conviction is a misdemeanor;
>
> (3) Right after I was sentenced my attorney, Thomas J. Richardson, never discussed the merits of filing an appeal with me, but when I got back to the county jail that same day, I learned that my sentence was too long.  I immediately called my attorney to tell him I wanted to appeal.  When I finally reached him he advised me that he felt that I should not appeal because I might get a longer sentence the next time around.  Nevertheless, I unequivocally informed him that I wanted him to appeal my sentence;
>
> (4) After my discussion with counsel I was placed in the hole for almost two years.  I

1
2
3
    **had heard that appeals can take years so I patiently waited for an answer. It was not until years later that I learned by attorney never filed an appeal;**

4
5
6
7
8
9
    **(5) Recently, in preparation to file a section 2255 motion, I asked another federal inmate, Tim Arnett, Reg. #60465-065, to help me order the transcripts of my change of plea hearing and sentencing in that criminal case. The first thing he did was obtain a copy of my criminal docket, and I learned for the first time that someone else had filed a section 2255 motion using my name. I did not file this prior section 2255 motion and I want it stricken from the record.**

10
11
    **(6) Because my English skills are very poor I asked Tim Arnett to prepare the instant section 2255 motion and my declaration for me, which he has done; and**

12
13
14
15
16
    **(7) Another inexperienced inmate writ-writer here erroneously filed the same basic argument I have raised here in Ground #1, in the United States Court of Appeals for the Ninth Circuit, as an Application for a Certificate of Appealability. It was filed within one-year of the Supreme Court's decision in Lopez-Gonzales [sic]. I was denied, of course, on January 15, 2008.**

17   **C.**  <u>**SECOND OR SUCCESSIVE SECTION 2255 MOTION; TIMELINESS OF**</u>
18 <u>**SECTION 2255 MOTION**</u>**.**

19   **Petitioner's averment that he did not sign or authorize the**
20 **Section 2255 motion filed on May 13, 2003 is not fully supported**
21 **by the record. Petitioner's name and correct federal inmate**
22 **prisoner number are on the pleadings filed in 2003 and there is a**
23 **handwritten printed signature that appears identical to the**
24 **handwritten printed signature on Petitioner's motion filed on**
25 **January 8, 2008. The only discrepancy is that Petitioner's**
26 **address in 2003 listed as:**

5

```
          P.O. Box 900250
          Palmdale, CA 93590
```

There is no federal correctional institution in Palmdale, California.  However, if Petitioner did not authorize the filing of the Section 2255 motion in 2003, no explanation is provided how an individual in Palmdale would have been aware of Petitioner's status as a federal inmate, his conviction in this Court, and his federal inmate prisoner identification number.  Nonetheless, because the Court has no information of the identity of the person holding the post office box in Palmdale, California in May, 2003, Petitioner is given the benefit of the doubt that the instant Section 2255 motion is not a second or successive motion.

    D.    <u>GROUND ONE</u>.

In *Lopez v. Gonzalez*, ___ U.S. ___, 127 S.Ct. 625 (2006), the Supreme Court addressed "whether conduct made a felony under state law but a misdemeanor under the Controlled Substances Act is a 'felony punishable under the Controlled Substances Act.' 18 U.S.C. § 924(c)(2)." *Id.* at 627.  The *Lopez* case dealt with the Immigration and Nationality Act which "lists as an 'aggrieved felony' 'illicit trafficking in a controlled substance ... including a drug trafficking crime (as defined in section 924(c) of title 18)," 8 U.S.C. § 1101(a)(43)(B), but does not define "illicit trafficking."  18 U.S.C. § 924(c)(2) defines "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act [CSA]."  Lopez, a legal permanent

6

resident alien, pleaded guilty to South Dakota charges of aiding and abetting another person's possession of cocaine, which state law treated as the equivalent of possessing the drug, a state felony.  The INS began removal proceedings against Lopez on the ground, *inter alia*, that Lopez's state conviction was for an aggravated felony.  The Immigration Judge ultimately ruled that despite the CSA's treatment of Lopez's crime as a misdemeanor, *see* 21 U.S.C. § 844(a), it was an aggravated felony under the INA owing to its being a felony under state law and ordered Lopez removed.  The Board of Immigration affirmed as did the Eighth Circuit.  The Supreme Court reversed, holding that "a state offense constitutes a 'felony under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law."  *Id.* at 634.

Petitioner's reliance on *Lopez v. Gonzalez* as a ground for relief is misplaced.  Petitioner now contends that certain convictions used to calculate his criminal history score were actually misdemeanors under state law, not felonies under state law.  *Lopez v. Gonzalez* addressed felonies under state law that were misdemeanors under federal law; the case simply does not apply.[1]

To the extent Petitioner attempts to assert a claim for relief based on his contention that his criminal history score was improperly calculated because certain of his prior

---

[1] This conclusion makes it unnecessary to address Petitioner's contention that *Lopez v. Gonzalez* applies retroactively.

convictions were actually misdemeanors under state law, Petitioner's claim is time-barred.

Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Applicable here is Section 2255(4).

Petitioner has not demonstrated any diligence in making this claim. Petitioner was aware of his prior convictions at the time of sentencing. Whether those prior convictions were felonies or misdemeanors under state law are not new facts discovered within one year of the filing of the instant Section 2255 motion. *See United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir.2004).

In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530

(9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling. However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

*Id*. at 1288-1289.

Assuming the truth of Petitioner's averment that Petitioner was immediately placed in the "hole" for the first 23 months of his federal incarceration and assuming the inference that Petitioner was precluded from any contact outside the "hole" during that 23 month period, Petitioner would have been freed from the "hole" sometime in mid-2004. Petitioner's instant Section 2255 motion was note filed until January 2008, almost four years later. Petitioner makes no showing that anything prevented him from filing the instant Section 2255 motion anytime after mid-2004.

Petitioner's motion for relief on this ground is DENIED.

E.   GROUND TWO.

Petitioner contends that he was denied the effective assistance of counsel because of counsel's failure to file a notice of appeal when Petitioner allegedly asked him to do so immediately after his sentencing in 2002.

9

1  In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme
2  Court addressed the showings required for a claim of ineffective
3  assistance of counsel because of counsel's failure to file a
4  notice of appeal.  The Supreme Court noted that it has "long held
5  that a lawyer who disregards specific instructions from the
6  defendant to file a notice of appeal acts in a manner that is
7  professionally unreasonable."  *Id*. at 477.
8  The threshold issue is the timeliness of this claim for
9  relief.  Applicable here is Section 2255(4).
10  Assuming the truth of Petitioner's averments that he asked
11 Mr. Richardson to file a notice of appeal and that Petitioner was
12 immediately placed in the "hole" for the first 23 months of his
13 federal incarceration and assuming the inference that Petitioner
14 was precluded from any contact outside the "hole" during that 23
15 month period, Petitioner would have been freed from the "hole"
16 sometime in mid-2004.  Petitioner's instant Section 2255 motion
17 was note filed until January 2008, almost four years later.
18 Petitioner makes no showing that he exercised any diligence
19 diligence in checking the status of his appeal.
20  "The statute does not require the maximum feasible
21 diligence, only due, or reasonable diligence." *Wims v. United
22 States*, 225 F.3d 186, 190 n.4 (2nd Cir.2000).  "Due diligence ...
23 does not require a prisoner to undertake repeated exercises in
24 futility or to exhaust every imaginable option, but rather to
25 make reasonable efforts."  *Aron v. United States*, 291 F.3d 708,
26 712 (11th Cir.2002).  This test requires courts to consider

certain external requirements such as "the conditions of [the petitioner's] confinement." *Wims*, *id.* Because "a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice," *Roe v. Flores-Ortega*, *supra*, 528 U.S. at 476, a petitioner is not required "to check up on his counsel's pursuit of an appeal on ... the very day on which [his] conviction becomes final." *Wims, id*. However, "a duly diligent person" does not require "three and a half years ... to discover that counsel had not filed a notice of appeal ...." *Zapata v. United States*, 2000 WL 1610801 at *3 (S.D.N.Y.2000); *see Tineo v. United States*, 2002 WL 1997801 at *2 (S.D.N.Y.2002)("A duly diligent person in Tineo's shoes would not have needed more than three years to discover the alleged ineffectiveness of counsel, including whether his attorney had failed to file a direct appeal."); *Gonzalez v. United States,* 2002 WL 31512728 at *4 (S.D.N.Y.2002).

Here, Petitioner does not aver when he first inquired into the status of his appeal; in fact, his declaration avers that he did not make any inquiry or effort to ascertain the status of his appeal at any time.

Petitioner makes no showing that he is entitled to equitable tolling of the one-year limitation period. Again, assuming the truth of Petitioner's averment that Petitioner was immediately placed in the "hole" for the first 23 months of his federal incarceration and assuming the inference that Petitioner was precluded from any contact outside the "hole" during that 23

11

month period, Petitioner would have been freed from the "hole" sometime in mid-2004. Petitioner's instant Section 2255 motion was not filed until January 2008, almost four years later. Petitioner makes no showing that anything prevented him from filing the instant Section 2255 motion anytime after mid-2004.

Petitioner's claim of ineffective assistance of counsel because of counsel's alleged failure to file an appeal after Petitioner requested he do so is barred by the one-year limitation period. Petitioner's claim for relief on this ground is DENIED.

**Ground Three**.

Petitioner is not entitled to relief on this ground. *Booker* "does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication." *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir.2005).

Petitioner's claim for relief on this ground is DENIED.

## CONCLUSION

For the reasons stated above:

1. Petitioner Jesus Ambriz's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to enter JUDGMENT for Respondent.

IT IS SO ORDERED.

**Dated:   March 24, 2008**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE